UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------x

| | |
|---|---|
| THE SPECIAL CLAIMS COMMITTEE OF THE<br>FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO, ACTING BY AND<br>THROUGH ITS MEMBERS, | PROMESA<br>Title III |
| and | |
| THE OFFICIAL COMMITTEE OF UNSECURED<br>CREDITORS OF THE COMMONWEALTH OF<br>PUERTO RICO, | Adv. Proc. No. 19-00296-LTS |
| as co-trustees respectively of | |
| THE COMMONWEALTH OF PUERTO RICO<br>et al., | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

    Co-Plaintiffs,

  -v-

ALLAN FRIEDMAN et al.,

    Defendants.

-----------------------------------------------------------------x

ORDER DISMISSING ADVERSARY PROCEEDING PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 41(A)(1)(A) AND 41(A)(2)

  The Court has received and reviewed the *Notice of Dismissal in Accordance with this Court's Order Confirming Modified Eighth Amended Joint Plan of Adjustment* (Docket Entry No. 40) (the "Notice of Dismissal")[2] in Adversary Proceeding No. 19-00296 (the "Adversary Proceeding") filed by the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico and the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico (together, the "Plaintiffs").

  The Notice of Dismissal purports to "give notice pursuant to paragraph 8 of the [Confirmation Order] that the above-captioned adversary proceeding is dismissed with prejudice, unless and to the extent the Confirmation Order is overturned on appeal." Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure[3] permits dismissal of an adversary proceeding via notice of dismissal only if no opposing party has served an answer or a motion for summary judgment. One defendant in the Adversary Proceeding has filed an answer. (Adversary Proceeding, Docket No. 17 (the "Answer").)

  In this instance, the pro se answering parties—the children of Francisco Xavier González Goenaga, answering on behalf of his estate (the "Estate")—responded to the complaint solely to assert that the Estate held no relevant bonds and to request dismissal of the action against it. (Answer at 1.) Insofar as it relates to any and all claims against the Estate, the Court construes the Notice of Dismissal as a motion for a consensual dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).[4] The Notice of Dismissal is proper under Federal Rule of Civil

---

[2]  Capitalized terms used but not defined herein shall have the meaning given to them in the Notice of Dismissal.

[3]  Rule 41 of the Federal Rules of Civil Procedure provides, in relevant part: "the plaintiff may dismiss an action without a court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Federal Rule 41 is made applicable to the Adversary Proceeding by 48 U.S.C. § 2170 and Rule 7041 of the Federal Rules of Bankruptcy Procedure.

[4]  Rule 41(a)(2) of the Federal Rules of Civil Procedure provides, in relevant part: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

Procedure 41(a)(1)(A) with respect to the remaining defendants.

   Accordingly, for the above-stated reasons, the Court hereby orders the dismissal of the Adversary Proceeding, subject to a request for reinstatement if and when the First Circuit Court of Appeals' dispositions of the appeals concerning the Confirmation Order are final. The Clerk of Court is directed to administratively close the Adversary Proceeding. Within fourteen days of the final disposition of the pending appeals, Plaintiffs are directed to file a status report stating whether entry of judgment is appropriate.

   Plaintiffs are hereby directed to serve copies of the Notice of Dismissal and this Order on the pro se answering parties to the Adversary Proceeding.

   This Order resolves Docket Entry No. 40 in Adversary Proceeding No. 19-00296.

  SO ORDERED.

Dated: June 10, 2022

                 /s/ Laura Taylor Swain
                 LAURA TAYLOR SWAIN
                 United States District Judge